UNITED STATES of America,
Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY and
Sinclair Oil Corporation, Defendants.

No. 69 Civ. 162.

United States District Court
S. D. New York.

Jan. 17, 1969.

David R. Melincoff, Donald H. Mullins, Attys., Dept. of Justice, for the United States. Hughes, Hubbard & Reed, New York City, Jerome G. Shapiro, Otis Pratt Pearsall, John A. Donovan, New York City, of counsel, Henry B. Weaver, Jr., Gen. Counsel, Quinn O'Connell, Washington, D. C., Sp. Counsel, for Atlantic Richfield Co.

G. B. Mallum, V. A. Gorman, New York City, Vinson, Elkins, Weems & Searls, Houston, Tex., David T. Searles, Harry M. Reasoner, Houston, Tex., of counsel, for Sinclair Oil Corp.

## OPINION AND TEMPORARY RESTRAINING ORDER

HERLANDS, District Judge.

Plaintiff has applied for a temporary restraining order in this action instituted under Section 15 of the Clayton Act, 15 U.S.C. section 25 (1964). That statute provides that " * * * the court may at any time make such temporary restraining order or prohibition as shall be deemed just in the premises."

This application first came before the Court on January 15, 1969, at 4:45 P.M. After hearing counsel, the Court adjourned the matter until 2:00 P.M., January 16th " * * * so that everybody will be in a position to come here and present whatever facts there are, pro and con" (Transcript of proceedings, January 15, 1969, at page 11).

On January 16th, commencing at 2:00 P.M., the Court heard extensive argument by counsel. The transcript of that argument amounts to 92 pages. Memoranda of law and affidavits were submitted by counsel.

As the record stood on January 16th, plaintiff submitted a notice of motion for a preliminary injunction returnable January 30, 1969. However, plaintiff did not submit any affidavits in support of said motion although the notice of motion recited that the motion was being made upon "supporting affidavits and exhibits".

In order to afford the parties an adequate further opportunity to amplify the record, the Court, after conferring with counsel, directed plaintiff to serve defense counsel with its moving affidavits in support of its motion for a preliminary injunction by 7:00 A.M., January 17, 1969; and defense counsel were directed to serve plaintiff, at the same

time, with any additional affidavits, if so advised. All of the aforesaid affidavits were ordered to be submitted to the Court at chambers by 9:00 A.M., January 17th.

In compliance with the foregoing directives, plaintiff served a moving affidavit in support of its motion for a preliminary injunction; and opposing affidavits have been served by defendants.

Having considered all of the foregoing papers and the arguments of counsel, the Court hereby grants plaintiff's application for a temporary restraining order. The Court directs the issuance of such temporary restraining order forthwith.

The reasons set forth in this order for its issuance, as required by Fed.R.Civ.P. 65(d), relate solely to the matter of a temporary restraining order and are predicated upon a necessarily abbreviated record presented to the Court under exigent circumstances.

These reasons do not constitute an adjudication on the merits of any of the factual or legal issues that may come before the Court upon the hearing and determination of plaintiff's motion for an interlocutory injunction or upon the trial of the action.

The issuance of the temporary restraining order is just in the premises and necessary in order to avoid irreparable injury to the public. If plaintiff is able to substantiate its allegations, as set forth in its complaint and moving affidavits, there is a reasonable probability that plaintiff will succeed in this litigation. The Court has carefully considered the factual and legal contentions of the parties as to the balancing of the equities and the impact of the hardships resulting from the grant or denial of the issuance of a temporary restraining order; and is of the opinion that the balance of equity, hardship and injury is in favor of plaintiff.

The Court hereby orders that the defendants, their officers, directors, agents, employees and all other persons acting on their behalf are hereby restrained from (1) taking any further action to consummate the merger plan pursuant to which defendant Sinclair Oil Corporation would be merged into defendant Atlantic Richfield Company and defendant Atlantic Richfield Company would be the surviving company; (2) taking any further action to consummate any similar agreement; and (3) making any changes directly or indirectly in the corporate structure, commercial operations and properties of defendants other than in the regular and ordinary course of business.

The Court further hereby orders that this temporary restraining order shall expire ten days after entry unless within such time said restraining order for good cause is extended, reduced or otherwise modified, or unless the defendants consent that it may be extended for a longer period.

The Court further hereby orders that plaintiff's motion for a preliminary injunction (heretofore made returnable by plaintiff on January 30, 1969) be made returnable on January 21, 1969, at 10:00 A.M.

So ordered.